| 49  385 |
| 159  646 |

---

# The Toledo, Peoria and Warsaw Railway Company

*v.*

## Daniel Parker *et al.*

1. Negligence—*liability of a railroad company for killing stock.* In an action against a railroad company for killing stock, an instruction is not objectionable which fails to exclude *all* of the places excepted by the statute from being fenced, where it is apparent from the testimony that the injury did not occur in one of the excepted places, witnesses having been permitted to testify *without objection* that the injury happened at a place where the defendant was bound to fence its road.

2. Same—*stock injured—duty of owners as to its disposal.* And in such case, where the stock at the time the injury occurred, was in good condition, it is the duty of the owner to dispose of it to the best advantage possible, by converting it into beef, or otherwise, and he is entitled to a reasonable time thereafter within which to do so.

3. Same—*when owner discharged from the performance of such service.* And it cannot be objected in such case, that the owner failed to perform his duty in the premises, in not disposing of the stock to some profit, where the evidence shows that on the evening of the day when the injury occurred, the stock was taken possession of and buried by the employees of the defendant.

4. Same—*the question—what is a reasonable time—for the jury to determine.* In such case, an instruction which assumes to inform the jury what was a reasonable time within which the owner should have taken possession of the injured stock, is erroneous; that question is for the jury to determine, from all of the circumstances.

5. Evidence—*objection to admissibility of—cannot be made in the appellate court for the first time.* An objection to the admissibility of evidence cannot be made for the first time in this court.

49—49th Ill.

Appeal from the Circuit Court of Iroquois county; the Hon. Charles H. Wood, Judge, presiding.

The opinion states the case sufficiently.

Messrs. Bryan & Cochran, for the appellants.

Messrs. Blades & Kay, for the appellees.

Mr. Justice Walker delivered the opinion of the Court:

It appears from the record in this case, that appellees brought suit against appellants, before a justice of the peace, to recover for killing a steer on their road with an engine and cars. A trial was had, resulting in a judgment against the company, from which an appeal was prosecuted by them to the circuit court of Iroquois county. A trial was subsequently had in that court with a like result as that before the justice of the peace, from which an appeal is prosecuted to this court.

It is first urged by appellants' argument that the court below erred in giving appellees' instruction; that the instruction excludes road-crossings, places five miles from a settlement, but fails to exclude cities, towns or villages; that the injury may, for aught that appears from the evidence, have occurred in a town or village, and hence the instruction was wrong. A careful examination of the evidence, we think, excludes any inference that it could have occurred in one of those places. Witnesses testified, without objection, that the animal was killed at a place where the company were required to fence their road. It may be that this evidence was not strictly proper, but appellants interposed no objection to its admission. Had the animal been killed in one of the excepted places, then it could not be said to have occurred at a place required to be fenced. From this evidence the jury were fully warranted in finding that the place was not one of those

excepted by the statute from being fenced. Nor do we see that the instruction could have misled them in finding their verdict. There is nothing in the evidence from which it could be inferred that the injury occurred in a village, but on the contrary it tended to prove that it was nòt in a village, and it was expressly proved that it was not in a town or city.

It is urged, as the animal was in good condition and would have made good beef, that appellees should have converted it into beef and disposed of it for what it would have brought. But it appears that the employees of the road buried it on the evening after the accident occurred. Appellees undoubtedly should have had a reasonable time after the injury occurred to take charge of the animal and to convert him, in his crippled condition, into as much as could be realized from his sale as beef or otherwise; and it was a question for the determination of the jury whether the employees of the road afforded such an opportunity to appellees. One of them testifies that he went the next day to get the animal, but the evidence shows that it had been buried on the previous evening. If the employees of the road took possession of the animal, and disposed of it before appellees had a reasonable time to take it and convert it to some useful purpose, appellants have no right to complain that it was not done. If their agents prevented appellees from doing so, it was the fault of the company and not of appellees; and the jury have found that it was the fault of the company, and we think the evidence warrants the finding.

It is, however, insisted, that the declarations of Roach, the "section boss," were not admissible to prove that the animal was buried on the evening it was injured. It is only necessary to say that no objections were made to the admission of the evidence of Roach's declarations, as a party can never raise an objection to the admissibility of evidence for the first time in this court.

It is urged that the court below erred in refusing to give appellants' second instruction. This instruction is erroneous, and was properly refused, as it assumed to inform the jury what was a reasonable time within which appellees should have taken possession of the animal. That was a question for the jury to determine from all the circumstances. Appellees were not required to instantly abandon their business and take charge of the animal. If engaged in planting corn or harvesting grain, or engaged in other pressing farm occupations, it would not be reasonable to require them to stop and abandon their business, which was pressing, to take charge of the animal. The requirement must be reasonable and just to charge appellees with such loss. Had it been convenient, then appellees should have taken possession of the animal. Had this instruction been given these questions would have been improperly taken from the consideration of the jury.

A careful examination of the entire record fails to show any error for which the judgment of the court below should be reversed, and it is therefore affirmed.

*Judgment affirmed.*